133 Nev., Advance Opinion 85

# IN THE COURT OF APPEALS OF THE STATE OF NEVADA

LAMAR ANTWAN HARRIS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 70679

FILED

NOV 16 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from an order of the district court dismissing a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Carolyn Ellsworth, Judge.

*Reversed and remanded.*

Carling Law Office, PC, and Matthew D. Carling, Las Vegas,
for Appellant.

Adam Paul Laxalt, Attorney General, Carson City; Steven B. Wolfson, District Attorney, and Jonathan E. Van Boskerck, Chief Deputy District Attorney, Clark County,
for Respondent.

_____

BEFORE SILVER, C.J., TAO and GIBBONS, JJ.

## OPINION

By the Court, GIBBONS, J.:

This case arises from an untimely postconviction petition for a writ of habeas corpus stemming from a conviction, entered pursuant to a jury verdict, of battery with the use of a deadly weapon resulting in substantial bodily harm. In his petition and supplement, appellant Lamar Antwan Harris alleged he had good cause for the delay in filing the petition because he believed counsel had filed a petition on his behalf, his belief was reasonable, and he filed the petition within a reasonable time of

discovering his petition had not been filed. The district court dismissed the petition as procedurally time-barred.

In this appeal, we consider whether counsel's affirmative misrepresentation regarding filing a postconviction petition and subsequent abandonment of the petitioner can be an impediment external to the defense to satisfy cause for the delay under NRS 34.726(1)(a) for filing an untimely petition. We conclude it can. We hold that to demonstrate cause for the delay under NRS 34.726(1)(a) in such a circumstance, a petitioner must show: (1) the petitioner believed counsel filed a petition on petitioner's behalf; (2) this belief was objectively reasonable; (3) counsel abandoned the petitioner without notice and failed to timely file the petition; and (4) the petitioner filed the petition within a reasonable time after the petitioner should have known counsel did not file a petition. Because we conclude Harris demonstrated cause for the delay under the approach set forth above, we reverse the district court's order and we remand for further proceedings.

## PROCEDURAL AND FACTUAL HISTORY

Harris was convicted of battery with the use of a deadly weapon resulting in substantial bodily harm and was sentenced to 70 to 175 months in prison. After sentencing, Harris opted to have his previous counsel withdraw and he hired new counsel, Leslie Park, to represent him in his post-trial proceedings. Through Park, Harris filed a direct appeal from his judgment of conviction. Harris' conviction was affirmed on direct appeal. *Harris v. State*, Docket No. 59817 (Order of Affirmance, Dec. 13, 2012).

More than two years after the remittitur on direct appeal issued, Harris filed an untimely pro se postconviction petition for a writ of habeas corpus. As good cause to excuse the untimely filing, Harris

claimed he reasonably believed Park had filed a petition on his behalf, and when he discovered she had not, he filed his petition within a reasonable time after that discovery.

The district court concluded Harris might be able to establish good cause to overcome the procedural bar and appointed counsel to supplement Harris' petition. In the supplement, counsel argued for an extension of the *Hathaway*[1] reasoning regarding good cause when counsel fails to file a direct appeal from a judgment of conviction. Specifically, counsel argued cause to excuse the procedural time bar should exist in situations where a defendant reasonably believes counsel filed a postconviction petition on his behalf, and the petitioner files a petition within a reasonable time of realizing counsel did not file a petition.

The district court scheduled an evidentiary hearing on Harris' good cause claim. However, on the scheduled hearing date, a senior judge presided over the proceedings, declined to hold an evidentiary hearing, and denied the petition. The district court subsequently granted Harris' motion for reconsideration and held an evidentiary hearing.

At the hearing, Harris testified he hired Park to represent him for both his appeal and his postconviction petition and claimed they agreed to a fee arrangement of $8,000 for handling both cases. After initially denying she agreed to represent Harris for his postconviction petition, Park agreed she was retained for both the direct appeal and the petition. She also agreed the fee was $8,000, but stated Harris had only paid her about half of that.

---

[1]*Hathaway v. State*, 119 Nev. 248, 254-55, 71 P.3d 503, 507-08 (2003).

Harris testified he received a copy of a document drafted by Park entitled "Petition for Writ of Habeas Corpus" approximately five months after the remittitur issued in his direct appeal. The petition was signed by Park and included information causing it to appear as though it had been served on the Clerk of the Supreme Court, the Clark County District Attorney, and the Nevada Attorney General. The caption also indicated it was being filed in the Nevada Supreme Court.

Harris testified that sometime later he was informed by a fellow inmate his petition was filed in the wrong court. In December of 2013, before the expiration of the one-year time limit for filing a postconviction petition, Harris contacted counsel to point this error out and she told him she would immediately correct it and file it in the district court. Throughout 2014, Harris attempted to contact Park to no avail.

Because he understood postconviction proceedings could take some time, Harris waited until December of 2014 to contact the district court and the Nevada Supreme Court to inquire into the status of his petition. Between the end of December 2014 and the beginning of January 2015, Harris learned his petition had not been filed in either the district court or the Nevada Supreme Court. Harris then filed his petition on March 11, 2015.

Park confirmed at the evidentiary hearing she never filed the petition. Park claimed she was waiting for Harris to pay her the remainder of her fee before filing the petition. She stated she signed the petition and filled out the certificate of service in case Harris paid her right before the deadline to file.

After hearing this testimony, the district court concluded Harris' testimony was more credible than Park's because Park's responses

COURT OF APPEALS
OF
NEVADA

(O) 1947B

were equivocal in nature, Park stated she lacked knowledge in response to many questions, and she conceded to many of the factual allegations put forth by Harris. Although troubled by Park's performance, the district court also concluded Harris did not demonstrate good cause to overcome the procedural time-bar. Specifically, the district court concluded *Hathaway* could not be extended because "*Hathaway*'s holding was clearly couched in the fact that the petitioner there had a Sixth Amendment right to the effective assistance of counsel on direct appeal, a claim that could excuse his late petition filing." The district court further concluded, because Harris was not entitled to the effective assistance of postconviction counsel, he was "precluded from relying upon a claim of ineffective assistance of counsel to show good cause to excuse the procedural default." Therefore, the district court granted the State's motion and dismissed the petition as procedurally time-barred. This appeal follows.

## DISCUSSION

Harris claims the district court erred by denying his petition as procedurally barred. He asserts he demonstrated cause and prejudice to excuse the procedural time-bar because his counsel's actions prevented him from timely filing a postconviction petition and deprived him of his statutory right to seek postconviction relief.

Pursuant to NRS 34.726(1), a postconviction petition for a writ of habeas corpus "must be filed within one year after entry of the judgment of conviction or, if a timely appeal is taken from the judgment, within one year after [the Nevada Supreme Court] issues its remittitur, absent a showing of good cause for the delay." *State v. Huebler*, 128 Nev. 192, 197, 275 P.3d 91, 94 (2012). Harris filed a direct appeal from his judgment of conviction and the remittitur issued on January 9, 2013.

However, Harris did not file his petition until March 11, 2015, more than two years after the remittitur issued. Thus, Harris' petition was procedurally barred absent a demonstration of good cause for the delay.

"[G]ood cause for delay exists if the petitioner demonstrates to the satisfaction of the court: (a) [t]hat the delay is not the fault of the petitioner; and (b) [t]hat dismissal of the petition as untimely will unduly prejudice the petitioner." NRS 34.726(1). "Generally, good cause means a substantial reason; one that affords a legal excuse." *Colley v. State*, 105 Nev. 235, 236, 773 P.2d 1229, 1230 (1989) (internal quotation marks omitted), *abrogated by statute on other grounds as recognized by Huebler*, 128 Nev. at 197 n.2, 275 P.3d at 95 n.2.

Harris was not entitled to the effective assistance of postconviction counsel and he could not establish good cause to excuse the delay in filing his petition based on a claim of ineffective assistance of counsel. *See Brown v. McDaniel*, 130 Nev. ___, ___, 331 P.3d 867, 870 (2014) (recognizing a claim of ineffective assistance of counsel does not constitute good cause to excuse the procedural bar where a petitioner does not have a Sixth Amendment or statutory right to the appointment of counsel). Harris, however, argues there is a distinction between a claim of ineffective assistance of counsel for purposes of habeas relief and a good cause claim that counsel's actions interfered with or created an impediment that prevented a petitioner from filing a postconviction petition within the procedural time limits. He argues there are some circumstances where counsel's actions can be an impediment external to the defense and establish undue prejudice to satisfy good cause under NRS 34.726(1) for filing an untimely petition. He asserts the Nevada Supreme Court identified such a circumstance in *Hathaway*. Harris

argues his counsel's actions in this case represent another such circumstance, and he urges this court to adopt a test, similar to the one in *Hathaway*, for evaluating a claim of good cause based on a petitioner's reliance on counsel's affirmative misrepresentation that counsel had, or was going to, timely file a petition on the petitioner's behalf.

*Cause for the delay under NRS 34.726(1)(a)*

In order to show the delay was not the fault of the petitioner, "a petitioner must show that an impediment external to the defense prevented him or her from complying with the state procedural default rules." *Hathaway*, 119 Nev. at 252, 71 P.3d at 506. "In terms of a procedural time-bar, an adequate allegation of good cause would sufficiently explain why a petition was filed beyond the statutory time period." *Id.* at 252-53, 71 P.3d at 506.

Generally, "mere attorney error, not rising to the level of ineffective assistance of counsel, such as attorney ignorance or inadvertence," will not constitute cause to overcome a procedural bar "because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must 'bear the risk of attorney error.'" *Crump v. Warden*, 113 Nev. 293, 304, 934 P.2d 247, 253 (1997) (quoting *Coleman v. Thompson*, 501 U.S. 722, 753 (1991)). But there is an "essential difference between a claim of attorney error, however egregious, and a claim that an attorney had essentially abandoned his client." *Maples v. Thomas*, 565 U.S. 266, 282 (2012). Where counsel severs the principal-agent relationship and abandons his client without notice, the actions or omissions of counsel "'cannot fairly be attributed to [the client].'" *Id.* at 281 (quoting *Coleman*, 501 U.S. at 753). In such a situation, counsel's actions or omissions then become an

impediment external to the defense and may constitute good cause to overcome the procedural bars. *Id.* at 283.

As noted by Harris, in *Hathaway*, the Nevada Supreme Court identified one circumstance where counsel's omission can constitute an impediment external to the defense and a petitioner can establish good cause for the delay under NRS 34.726(1). 119 Nev. at 252-55, 71 P.3d at 506-08. Hathaway asserted he had good cause to file an untimely petition because he asked counsel to file a direct appeal on his behalf, counsel affirmatively indicated he would file an appeal, Hathaway believed his counsel had filed an appeal, and Hathaway filed his petition within a reasonable time after learning his counsel did not file an appeal. *Id.* at 254, 71 P.3d at 507. The *Hathaway* court held a claim that counsel deprived the petitioner of a direct appeal could provide good cause to excuse the procedural time-bar. *Id.* at 253-55, 71 P.3d 507-08. The *Hathaway* court then set forth a "test for evaluating an allegation of good cause based upon a petitioner's mistaken belief that counsel had filed a direct appeal." *Id.* at 254-55, 71 P.3d at 507-08.

Consistent with *Hathaway*, we hold counsel's affirmative representation that a timely postconviction petition will be filed, combined with counsel's subsequent abandonment without timely filing the petition, presents a circumstance where counsel's actions or omissions can constitute an impediment external to the defense to establish cause for the delay under NRS 34.726(1)(a). Using the framework in *Hathaway*, we establish the following test for evaluating an allegation of cause for the delay based on such a circumstance.

First, a petitioner must show the petitioner believed counsel filed a timely petition on petitioner's behalf. Second, the petitioner must

show this belief was objectively reasonable, i.e., there was an attorney-client relationship and counsel affirmatively told or represented to the petitioner counsel had, or was going to, timely file a petition on the petitioner's behalf. Third, the petitioner must show counsel then abandoned petitioner without notice and failed to timely file the petition. We emphasize that the petitioner must demonstrate abandonment by counsel to satisfy this prong of the test; mere attorney negligence, such as miscalculating a filing deadline, will not suffice. Fourth, the petitioner must show the petition was filed within a reasonable time after the petitioner *should have known* counsel did not timely file a petition. This prong requires the petitioner to be reasonably diligent in determining whether the petition was actually filed.

If a petitioner can meet all prongs of this test, the petitioner will have established cause for the delay under NRS 34.726(1)(a). This is so because, in such a circumstance, counsel's abandonment of the petitioner will constitute an impediment external to the defense that prevented the petitioner from timely pursuing postconviction relief.

*Undue prejudice under NRS 34.726(1)(b)*

Under NRS 34.726(1)(b), a petitioner must also demonstrate there will be undue prejudice by dismissal of the petition as untimely. In *Huebler*, the Nevada Supreme Court stated that to show undue prejudice under NRS 34.726(1)(b), "a petitioner must show that errors in the proceedings underlying the judgment worked to the petitioner's actual and substantial disadvantage." 128 Nev. at 197, 275 P.3d at 95. We are required to follow this test. However, for the reasons discussed below, we disagree that this is the proper test for determining undue prejudice under NRS 34.726(1)(b).

"Nevada's post-conviction statutes contemplate the filing of one post-conviction petition to challenge a conviction or sentence." *Brown*, 130 Nev. at ___, 331 P.3d at 872. NRS Chapter 34 contains several different procedural bars that are designed to prevent different abuses of the postconviction remedy. "The purpose of the single post-conviction remedy and the statutory procedural bars is 'to ensure that petitioners would be limited to one time through the post-conviction system.'" *Id.* (quoting *Pellegrini v. State*, 117 Nev. 860, 876, 34 P.3d 519, 530 (2001)).

The purpose of the procedural bar in NRS 34.810 is to prevent a petitioner from raising claims that could have previously been raised, NRS 34.810(1)(b), and to prevent the filing of multiple petitions, NRS 34.810(2). In contrast, NRS 34.726 and NRS 34.800 are procedural time bars and the purpose of each is to "ensure that claims are raised before evidence is lost or memories fade." *Lozada v. State*, 110 Nev. 349, 358, 871 P.2d 944, 950 (1994). Each of the procedural bars operate independently of each other. For example, a petition may be procedurally barred under NRS 34.726(1), but not under NRS 34.810, and vice versa. Further, as the *Pellegrini* court noted, it is conceivable that a petitioner could demonstrate good cause under NRS 34.726, but laches under NRS 34.800 could nevertheless bar the petition. 117 Nev. at 875, 34 P.3d at 529.

Given the different purposes behind the procedural bars in NRS 34.726 and NRS 34.810, and taking into account the procedural bars operate independently of each other, it is unsurprising different terms are used to describe the prejudice necessary to overcome each procedural bar. NRS 34.726(1)(b) requires a showing of "undue" prejudice, while NRS 34.810 requires a showing of "actual" prejudice. We must presume that because the statutes are located within the same chapter but use different

COURT OF APPEALS
OF
NEVADA

(O) 1947B

modifiers to describe the type of prejudice that must be shown, the type of prejudice required under each statute is different. *See* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 170 (2012) ("[A] material variation in terms suggests a variation in meaning."). The material difference in terms is further evidenced by the statutory structure for what is necessary to overcome each procedural bar. NRS 34.726(1) requires only a showing of good cause, which it defines as cause and undue prejudice. NRS 34.726(1)(a), (b). In contrast, NRS 34.810(3) requires a showing of both good cause *and* actual prejudice. This, however, may not have been considered in the *Huebler* decision. Instead, the *Huebler* decision appears to conflate the undue prejudice requirement under NRS 34.726(1)(b) with the actual prejudice requirement under NRS 34.810.

The *Huebler* decision cites to *Hogan v. Warden*, 109 Nev. 952, 959-60, 860 P.2d 710, 716 (1993), for the proposition that under NRS 34.726(1)(b), "a petitioner must show that errors in the proceedings underlying the judgment worked to the petitioner's actual and substantial disadvantage." *Huebler*, 128 Nev. at 197, 275 P.3d at 95. Yet the procedural bar at issue in *Hogan* was NRS 34.810(3), which requires a showing of actual prejudice, not NRS 34.726(1), which only requires a showing of undue prejudice. Because the *Huebler* decision adopted the prejudice test set forth in *Hogan*, a petitioner is now required to show actual prejudice in order to satisfy the undue prejudice prong under NRS 34.726(1)(b). This requirement, however, is inconsistent with other Nevada Supreme Court precedent, specifically *Hathaway*, which *Huebler* does not purport to overrule.

In *Hathaway*, the court held prejudice is presumed for the purposes of NRS 34.726(1)(b) if the petitioner can show a reasonable belief counsel filed an appeal and the petitioner filed a petition within a reasonable time of learning a direct appeal had not been filed. 119 Nev. at 255, 71 P.3d at 508. Yet under *Huebler*'s undue prejudice test, undue prejudice could never have been demonstrated, much less presumed, under the facts in *Hathaway*. This is because counsel's failure to file a direct appeal does not "show that *errors in the proceedings underlying the judgment* worked to the petitioner's actual and substantial disadvantage." *Huebler*, 128 Nev. at 197, 275 P.3d at 95 (emphasis added). Given the finding of presumed prejudice in *Hathaway*, it appears undue prejudice under NRS 34.726(1)(b) may be established by demonstrating something other than actual prejudice.

It also appears the prejudice required to overcome the procedural time-bar and the prejudice required to establish ineffective assistance of counsel may have been conflated in the *Huebler* decision. *Huebler* found the undue prejudice test under NRS 34.726(1)(b) parallels the materiality prong for establishing a violation under *Brady v. Maryland*, 373 U.S. 83 (1963). *Huebler*, 128 Nev. at 198, 275 P.3d at 95. *Huebler* held, where a *Brady* violation is alleged in the guilty-plea context after a specific request has been made, in order to establish undue prejudice under NRS 34.726(1)(b), a petitioner must show "a reasonable *possibility* that but for the failure to disclose the evidence the defendant would have refused to plead and would have insisted on going to trial." *Id.* at 203, 275 P.3d at 99; *see also Hill v. Lockhart*, 474 U.S. 52, 57-60 (1985) (setting forth the test for the prejudice prong for establishing ineffective

assistance of counsel in the context of a guilty plea). This is inconsistent with *Lozada*.

In *Lozada*, the Nevada Supreme Court stated, "[t]he required showing of prejudice to establish a claim of ineffective assistance of counsel is separate and distinct from the showing of prejudice required to overcome a procedural default." 110 Nev. at 358, 871 P.2d at 949-50. Despite this, *Huebler* set forth a prejudice test for the procedural time-bar that "is similar to the prejudice test that is used to evaluate ineffective-assistance claims by a defendant who has pleaded guilty." 128 Nev. at 203, 275 P.3d at 98-99. Even in light of this clear inconsistency, *Huebler* does not purport to overrule *Lozada*.

In effect, the *Huebler* decision ultimately combined the prejudice prongs of the two procedural bars with each other and with the prejudice required to demonstrate ineffective assistance of counsel, resulting in a single standard for prejudice. As noted above, this is inconsistent with both *Lozada* and *Hathaway*. Although we agree a petitioner who can show actual prejudice under NRS 34.810 can also show undue prejudice under NRS 34.726(1)(b), we do not believe that showing actual prejudice is required to establish undue prejudice under NRS 34.726(1)(b). We further do not think that prejudice under the procedural time-bar should be equivalent to the prejudice required to establish a claim of ineffective assistance of counsel. Rather, we believe the test for undue prejudice under NRS 34.726(1)(b) should be separate and distinct from the test for prejudice to overcome other procedural bars and from the prejudice required to demonstrate ineffective assistance of counsel.

Therefore, absent any explanation in *Huebler* for departing from earlier precedent, we believe *Hathaway* and *Lozada* are the better

13

precedent to follow. Were we free to do so, we would hold, where a petitioner has demonstrated cause for the delay under the test identified above, a petitioner will also have demonstrated undue prejudice under NRS 34.726(1)(b), because the petitioner could show dismissal of the petition as untimely would contravene the Legislature's intent to allow convicted persons a single opportunity to seek postconviction relief.[2]

We recognize, however, *Huebler* was decided after *Lozada* and *Hathaway*, and we must presume *Huebler* intended to implicitly overrule those cases to the extent they are inconsistent with the test for undue prejudice announced in *Huebler*. Under the doctrine of vertical stare decisis, we have no choice but to follow the precedent established in *Huebler*. *See, e.g., State v. Nichols*, 600 N.W.2d 484, 487 (Neb. 1999) ("Vertical stare decisis compels inferior courts to follow strictly the decisions rendered by courts of higher rank within the same judicial system."). Therefore, as stated in *Huebler*, in order to show undue prejudice under NRS 34.726(1)(b), "a petitioner must show that errors in the proceedings underlying the judgment worked to the petitioner's actual and substantial disadvantage." *Huebler*, 128 Nev. at 197, 275 P.3d at 95. As a practical matter, we note that, because this test focuses on errors underlying the judgment, to evaluate whether a petitioner can demonstrate undue prejudice under this test, a district court will likely have to review the merits of the claims raised in the petition.

---

[2]We note a petition may be subject to multiple procedural bars. If a petition were subject to any other procedural bars, including laches, the petitioner would also have to overcome those procedural bars in order to have the petition reviewed on its merits.

*Application to Harris*

Based on the district court's factual findings, we conclude Harris demonstrated cause for the delay under NRS 34.726(1)(a).[3] First, Harris believed his counsel filed a postconviction petition on his behalf. Second, based on Park's conduct, it was objectively reasonable for Harris to believe counsel had filed the petition on his behalf. Park provided Harris with a copy of a signed postconviction petition with a completed certificate of service, Park affirmatively represented to Harris she had filed the petition, and Park again affirmatively represented a petition had been or was going to be filed when Harris informed her the petition she provided to him had been filed in the wrong court. Third, Park then abandoned Harris without notice and failed to file the petition. Fourth, Harris was reasonably diligent in attempting to determine whether Park filed a petition on his behalf and he filed his petition within a reasonable time after he should have known Park did not file a petition on his behalf. Harris continually attempted to contact Park, he reasonably believed the postconviction proceedings could take some time, and within a reasonable time of not hearing from Park, he inquired into his petition with both the district court and the Nevada Supreme Court. Harris filed his petition approximately two months after learning Park did not file a petition on his behalf.

While we can conclude Harris demonstrated cause for the delay based on the district court's findings, we note the district court did not make any findings regarding whether Harris could establish undue

---

[3]"We give deference to the district court's factual findings regarding good cause, but we will review the court's application of the law to those facts de novo." *Huebler*, 128 Nev. at 197, 275 P.3d at 95.

prejudice, and we make no determination in this regard. As stated previously, in order to overcome the procedural bar, both prongs of good cause must be met—cause for the delay and undue prejudice. NRS 34.726(1)(a), (b). Because we conclude Harris demonstrated cause for the delay under NRS 34.726(1)(a), we reverse the district court's order dismissing Harris' petition and we remand to the district court to determine whether Harris demonstrated undue prejudice under NRS 34.726(1)(b). Specifically, the district court must determine whether Harris showed "that errors in the proceedings underlying the judgment worked to [his] actual and substantial disadvantage." *Huebler*, 128 Nev. at 197, 275 P.3d at 95.

## CONCLUSION

We hold counsel's affirmative representation that counsel has, or will, timely file a postconviction petition, combined with counsel's subsequent abandonment of the petitioner without timely filing the petition, presents a circumstance where counsel's actions or omissions can constitute cause for the delay under NRS 34.726(1)(a) for filing an untimely postconviction petition. To demonstrate cause for the delay based on such a circumstance, a petitioner must show: (1) a reasonable belief counsel filed a petition on petitioner's behalf; (2) this belief was objectively reasonable; (3) counsel abandoned the petitioner without notice and failed to file the petition; and (4) the petitioner filed a petition within a reasonable time after the petitioner should have known counsel did not file a petition. We conclude Harris demonstrated cause for the delay under this test. Therefore, we reverse the district court's order dismissing Harris' petition. Because the district court did not make any findings regarding whether Harris established undue prejudice, we remand to the district court to

determine whether Harris demonstrated undue prejudice under NRS 34.726(1)(b).

_____, J.
Gibbons

We concur:

_____, C.J.
Silver

_____, J.
Tao

COURT OF APPEALS
OF
NEVADA

(O) 1947B