Springer, J.,
concurring:
I concur in the result. I do not join in the majority opinion primarily because of disagreement with its treatment of the penalty phase. This murder was not “committed by a person who knowingly created a great risk of death to more than one person by means of a weapon, device or course of action which would *1208 normally be hazardous to the lives of more than one person.” NRS 200.033(2).
The aggravating circumstance in question clearly applies only to risky and hazardous activities which, by their nature (“normally”) would be expected to create a “risk of death” to “more than one person.” This case involves a series of individually executed killings. Each killing was a risk of death to one victim and one victim only. The statutory aggravating circumstance is designed to apply to the use of bombs, lethal gas and other instrumentalities that present danger to bystanders and those unintended victims who come into the reach of danger. No one here “knowingly created a great risk” to anyone other than the person being killed at the time. There is no sensible way in which NRS 200.033(2) can be applied to this case. See Hogan v. Warden, 109 Nev. 952, 964-66, 860 P.2d 710, 718-720 (1993) (Springer, J., dissenting).
To me, the presence of two properly-established aggravators, prevention of lawful arrest and conviction of a felony, makes Evans death-eligible in this case.[1] I conclude that the jury was justified, under the circumstances of this case, in concluding that mitigating circumstances did not outweigh aggravating circumstances. I join, then, in affirming both the judgment of conviction and the penalty in this case.

I also agree with the majority’s acceptance of the aggravator, “torture, depravity of mind, or mutilation,” with respect to the murder of Samantha Scotti. NRS 200.033(8).