An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

ADAM R. GARCIA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65577

FILED

SEP 1 8 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court dismissing a post-conviction petition for a writ of habeas corpus and a motion to correct an illegal sentence.[1] Ninth Judicial District Court, Douglas County; Nathan Tod Young, Judge.

*Post-conviction petition for a writ of habeas corpus*

Appellant filed his petition on March 14, 2014, almost ten years after entry of the judgment of conviction on August 31, 2004. Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Moreover, appellant's petition was successive because he had previously filed a post-conviction petition for a writ of habeas corpus, and it constituted an abuse of the writ as he raised claims new and different from those raised in his previous petition.[2] *See* NRS 34.810(2). Appellant's petition was

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]*Garcia v. State*, Docket No. 53293 (Order of Affirmance, November 13, 2009).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-31007

procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(3). Prejudice can be shown by demonstrating that the errors worked to a petitioner's actual and substantial disadvantage. *Hogan v. Warden*, 109 Nev. 952, 959-60, 860 P.2d 710, 716 (1993).

Appellant first claimed that he had good cause because the parties did not address all of the claims that he raised in his previous petition at the evidentiary hearing concerning that petition. Appellant did not demonstrate that the proceedings for appellant's previous petition amounted to an impediment external to the defense that should excuse the procedural bars. *See Hathaway v. State*, 119 Nev. 248, 252-53, 71 P.3d 503, 506 (2003).

Second, appellant claimed that he had good cause because he recently discovered that the utility knife he used in the commission of his crimes is not considered to be a deadly weapon. Appellant failed to demonstrate that a claim regarding his use of a utility knife was not reasonably available to be raised in a timely petition. *See id.* Moreover, appellant cannot demonstrate actual prejudice for this claim as appellant's brandishing a utility knife during the course of his sexual crimes did meet the statutory definition for use of a deadly weapon. *See* NRS 193.165(6)(b) (stating that a deadly weapon is "[a]ny weapon, device, instrument, material or substance which, under the circumstances in which it is used, attempted to be used or threatened to be used, is readily capable of causing substantial bodily harm or death").

Third, appellant claimed that the procedural bars do not apply because he is actually innocent of the deadly weapon enhancement. Appellant did not demonstrate actual innocence because, as discussed previously, appellant's use of the utility knife met the statutory definition for the use of a deadly weapon. *See id.* Therefore, he failed to show that

"'it is more likely than not that no reasonable juror would have convicted him in light of . . . new evidence.'" *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *see also Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519 537 (2001); *Mazzan v. Warden*, 112 Nev. 838, 842, 921 P.2d 920, 922 (1996). Therefore, the district court did not err in dismissing the petition as procedurally barred.

*Motion to correct an illegal sentence*

In his motion filed on March 14, 2014, appellant claimed that the district court improperly imposed a sentence for the deadly weapon enhancement because a utility knife is not a deadly weapon. Appellant's claim fell outside the narrow scope of claims permissible in a motion to correct an illegal sentence. *See Edwards v. State*, 112 Nev. 704, 708, 918 P.2d 321, 324 (1996). Therefore, without considering the merits of appellant's claim, we conclude that the district court did not err in denying the motion. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[3]

_____, J.
Hardesty

_____, J.          _____, J.
Douglas                                        Cherry

---

[3]We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.

cc: Hon. Nathan Tod Young, District Judge
Adam R. Garcia
Attorney General/Carson City
Douglas County District Attorney/Minden
Douglas County Clerk

SUPREME COURT
OF
NEVAOA

(O) 1947A