# IN THE SUPREME COURT OF THE STATE OF NEVADA

ARTIS LONDELL MOORE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 69329

FILED

APR 14 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY ___S. Young___
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant's postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge. We conclude that the district court did not err by denying appellant's petition as procedurally barred, and we therefore affirm.

Appellant filed his postconviction petition on October 6, 2015, more than 15 years after remittitur issued from his direct appeal on August 7, 2000. *Moore v. State*, Docket No. 34052 (Order Dismissing Appeal, July 10, 2000). Thus, the petition was untimely filed. *See* NRS 34.726(1). The petition also constituted an abuse of the writ because appellant had previously sought postconviction relief[1] and it raised a claim

---

[1]*Moore v. State*, Docket No. 37941 (Order of Affirmance, December 1, 2006); *Moore v. State*, Docket No. 54521 (Order of Affirmance, May 7, *continued on next page . . .*

SUPREME COURT
OF
NEVADA

(O) 1947A

17-12364

that was new and different from those previously raised. NRS 34.810(1)(b)(2); NRS 34.810(2). Accordingly, the petition was procedurally barred absent a demonstration of good cause and prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b), (3).

Appellant contends that the district court erred by denying his petition without considering his good cause argument regarding *Riley v. McDaniel*, 786 F.3d 719, 721 (9th Cir. 2015). We disagree. Although appellant cited *Riley* in his petition, he did not discuss *Riley*'s holding or apply it to his case and therefore the district court did not err by failing to mention it. As a separate and independent ground for denying relief, we also conclude that the district court did not err by denying appellant's petition because the challenge to the *Kazalyn*[2] instruction could have been raised sooner based on our decision in *Nika v. State*, 124 Nev. 1272, 198 P.2d 839 (2008), and *Riley* does not provide good cause, *see Leavitt v. State*, 132 Nev., Adv. Op. 83, 386 P.3d 620 (2016). Even assuming that appellant could demonstrate good cause, he failed to establish prejudice because he did not demonstrate that the result of trial would have been different considering that the evidence clearly establishing first-degree murder based on felony murder. *See Hogan v. Warden*, 109 Nev. 952, 960, 860 P.2d 710, 716 (1993) (explaining that the petitioner in a postconviction

---

*. . . continued*
2010); *Moore v. State*, Docket No. 67296 (Order of Affirmance, May 20, 2015).

[2]108 Nev. 67, 825 P.2d 578 (1992).

proceeding bears the "burden of demonstrating not merely that the errors of trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, in affecting the state proceeding with error of constitutional dimensions" (internal quotation marks omitted)). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:  Hon. Michelle Leavitt, District Judge
     Artis Londell Moore
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk