# IN THE SUPREME COURT OF THE STATE OF NEVADA

IAN SCOTT JONES,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 72426



FILED

DEC 14 2017

*ORDER OF AFFIRMANCE*

This is a pro se appeal from a district court order denying appellant Ian Jones's postconviction petition for a writ of habeas corpus as procedurally barred. Eighth Judicial District Court, Clark County; Douglas Smith, Judge. We affirm.[1]

Jones did not file a direct appeal and filed the instant petition more than five years after the entry of the judgment of conviction. The petition thus was untimely filed. *See* NRS 34.726(1). The petition also constituted an abuse of the writ because it raised claims that could have been raised on direct appeal. *See* NRS 34.810(2). Jones's petition was thus procedurally barred absent a demonstration of good cause and prejudice. *See* NRS 34.726(1); NRS 34.810(3). Further, because the State specifically pleaded laches, Jones was required to overcome the rebuttable presumption of prejudice. NRS 34.800(2).

Jones argued that good cause arises from evidence that was not presented due to ineffective assistance of trial counsel. In particular, he argued that counsel failed to review and communicate to him evidence of a

---

[1]This appeal has been submitted for decision on the record without briefing or oral argument. NRAP 34(f)(3), (g); *see also* NRAP 31(d)(1); *Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

medical opinion by a Dr. Sterret that the killing was consistent with shaken-baby syndrome rather than blunt force trauma and that he would not have pleaded guilty to second-degree murder had he known of such information. This evidence did not itself establish good cause because it did not show an impediment external to the defense that prevented Jones from complying with the procedural default rules when the medical opinion was described in Jones's arrest report and available to Jones for use in a timely postconviction petition.[2] *See* NRS 34.726(1) (providing that good cause requires the petitioner to demonstrate that the delay was not his fault and that dismissal of the petition will unduly prejudice him); *Hathaway v. State*, 119 Nev. 248, 252-53, 71 P.3d 503, 506 (2003) (providing that "a claim or allegation that was reasonably available to the petitioner during the statutory time period would not constitute good cause to excuse the delay"). Jones's claim that counsel's ineffectiveness constitutes good cause also failed because a procedurally defaulted claim of ineffective assistance cannot constitute good cause. *Id.* at 252, 71 P.3d at 506. As Jones failed to show good cause, we conclude that the district court correctly applied the mandatory procedural bars and denied the petition. *See State v. Eighth Judicial Dist. Court (Riker)*, 121 Nev. 225, 231, 112 P.3d 1070, 1074 (2005).

Even if Jones had demonstrated good cause, he needed to show actual prejudice as well. *See* NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3). Assuming that the shaken-baby medical opinion had been unavailable, Jones did not show actual prejudice where that evidence does not exculpate Jones for second-degree murder, the crime to which he pleaded guilty, and Jones conceded that he shook the victim. *See Meegan*

---

[2]To the extent that Jones argues that this evidence constitutes newly discovered evidence, the record belies this contention.

 


*v. State*, 114 Nev. 1150, 968 P.2d 292 (1998) (affirming conviction of first-degree murder where victim died of shaken-baby syndrome), *abrogated on other grounds by Vanisi v. State*, 117 Nev. 330, 22 P.3d 1164 (2001); *Hogan v. Warden*, 109 Nev. 952, 960, 860 P.2d 710, 716 (1993) (providing that actual prejudice requires a petitioner to show error that caused him actual and substantial disadvantage); *cf.* NRS 200.010-.030. To the extent that Jones argued that not considering this evidence would result in a fundamental miscarriage of justice, we disagree, as Jones had to demonstrate that "it is more likely than not that no reasonable juror would have convicted him in the light of . . . new evidence," *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *see also Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001), and the evidence he identified was not exculpatory. In failing to demonstrate a fundamental miscarriage of justice, Jones also did not overcome the presumption of prejudice to the State based on laches. *See Little v. Warden*, 117 Nev. 845, 853, 34 P.3d 540, 545 (2001).

Having concluded that relief is not warranted, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc: Hon. Douglas Smith, District Judge
Ian Scott Jones
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

