# IN THE SUPREME COURT OF THE STATE OF NEVADA

CHRISTOPHER ANTHONY JONES,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 74459

**FILED**

JAN 17 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This appeal challenges a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Michael Villani, Judge.

As appellant Christopher Jones filed his petition over 20 years after entry of the judgment of conviction on July 1, 1996, his petition was untimely.[1] NRS 34.726(1). Jones' petition is successive because he has previously filed several postconviction petitions for a writ of habeas corpus, and it constitutes an abuse of the writ as he raises claims new and different from those raised in previous petitions.[2] *See* NRS 34.810(1)(b)(2); NRS 34.810(2). Jones' petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(3). To demonstrate good cause, Jones must show that "an impediment external to

---

[1]Jones did not pursue a direct appeal.

[2]*See Jones v. State*, Docket No. 62323 (Order of Affirmance, September 16, 2014); *Jones v. State*, Docket No. 54863 (Order of Affirmance, January 13, 2011); *Jones v. State*, Docket No. 52503 (Order of Affirmance, May 13, 2009); *Jones v. Warden*, Docket No. 45962 (Order of Affirmance, February 17, 2006); *Jones v. State*, Docket No. 43554 (Order of Affirmance, March 29, 2005); *Jones v. State*, Docket No. 30756 (Order Dismissing Appeal, September 21, 2000).

19-02836

the defense prevented him . . . from complying with the state procedural default rules." *Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003). Jones could meet this burden by showing that the "legal basis for a claim was not reasonably available." *Id.* (internal quotation marks omitted). In addition, because the State specifically pleaded laches, Jones was required to overcome the presumption of prejudice to the State. *See* NRS 34.800(2).

Jones argues that the district court erred in denying his petition as procedurally barred. He asserts that he was entitled to the retroactive application of *Byford v. State*, 116 Nev. 215, 994 P.2d 700 (2000), because recent United States Supreme Court decisions in *Welch v. United States*, 136 S. Ct. 1257 (2016), and *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), changed the framework under which retroactivity is analyzed and provide good cause to excuse the procedural bars.[3]

We disagree with Jones' reading of *Welch* and *Montgomery*. In both decisions, the United States Supreme Court retroactively applied substantive rules of constitutional law. *Montgomery*, 136 S. Ct. at 736 (relying on the Eighth Amendment); *Welch*, 136 S. Ct. at 1265 (relying on due process jurisprudence). Conversely, in *Byford* we merely interpreted a statute unrelated to any constitutional issue. *Nika v. State*, 124 Nev. 1272, 1288, 198 P.3d 839, 850 (2008); *see Garner v. State*, 116 Nev. 770, 788-89, 6 P.3d 1013, 1025 (2000) (holding that this court does not consider retroactive application of new rules unless they involve a constitutional dimension),

---

[3]Jones filed his petition on April 18, 2017. Thus, it was filed over one year after the decision in *Montgomery* (decided January 25, 2016) and 366 days after the decision in *Welch* (decided April 18, 2016). Accordingly, *Montgomery* and *Welch* could not provide good cause because claims based on them were themselves untimely.

*overruled on other grounds by Sharma v. State*, 118 Nev. 648, 56 P.3d 868 (2002). Because *Byford* did not establish a new constitutional rule, neither *Welch* nor *Montgomery* undermine *Nika* and provide good cause to raise the *Byford* claim in the instant petition. *Branham v. Warden*, 134 Nev., Adv. Op. 99 at 6 (Ct. App. Dec. 13, 2018) ("Nothing in [*Welch* or *Montgomery*] alters *Teague*'s threshold requirement that the new rule at issue must be a constitutional rule."). Moreover, even if *Byford* applied, Jones failed to demonstrate actual prejudice. *See Hogan v. State*, 109 Nev. 952, 960, 860 P.2d 710, 716 (1993) (providing that petitioner must demonstrate errors worked to petitioner's actual and substantial disadvantage). The evidence introduced at trial demonstrated that Jones physically abused his girlfriend, exited their home, and got into his car. While she was reporting the incident to the police, Jones got out of his car, exclaimed, "my life is over with, let's do this," and shot her eight times, killing her. Considering this evidence, Jones failed to demonstrate a reasonable likelihood that he would not have been convicted of first-degree murder had the *Byford* instruction been used.[4]

---

[4]This court has already concluded that Jones could not demonstrate that he would not have been convicted of first-degree murder had the district court not used the *Kazalyn* instruction, *see Jones*, Docket No. 54863, Order of Affirmance at 4, and he did not allege sufficient circumstances to overcome the law-of-the-case doctrine. *See Hsu v. Cnty. Of Clark*, 125 Nev. 625, 631, 173 P.3d 724, 729 (2007) (recognizing that law-of-the-case doctrine may be avoided if "(1) subsequent proceedings produce substantially new or different evidence, (2) there has been an intervening change in controlling law, or (3) the prior decision was clearly erroneous and would result in manifest injustice if enforced"); *see also Hall v. State*, 91 Nev. 314, 315-16, 535 P.2d 797, 798-99 (1975) (explaining that reconsideration of claims denied on their merits is barred by the law-of-the-case doctrine).

Jones also argues that he could demonstrate a fundamental miscarriage of justice to overcome the procedural bars. A petitioner may overcome procedural bars by demonstrating he is actually innocent such that the failure to consider his petition would result in a fundamental miscarriage of justice. *Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). A petitioner demonstrates actual innocence by showing that "it is more likely than not that no reasonable juror would have convicted him in light of . . . new evidence." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *see also Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001); *Mazzan v. Warden*, 112 Nev. 838, 842, 921 P.2d 920, 922 (1996). A change in the definition of first-degree murder does not render Jones factually innocent, and Jones has cited to no new evidence of innocence. Accordingly, he failed to demonstrate that he is actually innocent such that failing to consider his clams on the merits would result in a fundamental miscarriage of justice.[5]

---

[5]This court has already concluded that Jones could not demonstrate that he would not have been convicted of first-degree murder had the district court not used the *Kazalyn* instruction, *see Jones*, Docket No. 54863, at 4, and he did not allege sufficient circumstances to overcome the law-of-the-case doctrine. *See Hsu v. Cnty. Of Clark*, 125 Nev. 625, 631, 173 P.3d 724, 729 (2007) (recognizing that law-of-the-case doctrine may be avoided if "(1) subsequent proceedings produce substantially new or different evidence, (2) there has been an intervening change in controlling law, or (3) he prior decision was clearly erroneous and would result in manifest injustice if enforced"), *see also Hall v. State*, 91 Nev. 314, 315-16, 535 P.2d 797, 798-99 (1975) (explaining that reconsideration of claims denied on their merits is barred by the law-of-the-case doctrine).

Finally, Jones failed to overcome the presumption of prejudice to the State pursuant to NRS 34.800(2). We therefore conclude the district court did not err by denying Jones' petition as procedurally barred, and we ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc: Hon. Michael Villani, District Judge
Federal Public Defender/Las Vegas
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk