# IN THE SUPREME COURT OF THE STATE OF NEVADA

BRUCE MAYO ENNIS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 74457

FILED

JAN 17 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This appeal challenges a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Michael Villani, Judge.

As appellant Bruce Ennis filed his petition over 19 years after the remittitur issued on his direct appeal, *Ennis v. State*, Docket No. 28322 (Order Dismissing Appeal, December 30, 1997), his petition was untimely. NRS 34.726(1). Ennis' petition is successive because he has previously filed a postconviction petition for a writ of habeas corpus, and it constitutes and abuse of the writ as he raised claims new and different from those raised in his prior petition.[1] *See* NRS 34.810(1)(b)(2); NRS 34.810(2). Ennis' petition was procedurally barred absent a demonstrate of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(3). To demonstrate good cause, Ennis must show that "an impediment external to the defense prevented him . . . from complying with the state procedural default rules." *Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003). Ennis could meet this burden by showing that the "legal basis for a claim was not reasonably

---

[1]*See Ennis v. State*, Docket No. 43017 (Order of Affirmance, November 3, 2004).

available." *Id.* (internal quotation marks omitted). Further, because the State specifically pleaded laches, Ennis was required to overcome the presumption of prejudice to the State. *See* NRS 34.800(2).

Ennis argues that the district court erred in denying his petition as procedurally barred. He asserts that he was entitled to the retroactive application of *Byford v. State*, 116 Nev. 215, 994 P.2d 700 (2000), because recent United States Supreme Court decisions in *Welch v. United States*, 136 S. Ct. 1257 (2016), and *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), changed the framework under which retroactivity is analyzed and provide good cause to excuse the procedural bars.

We disagree with Ennis' reading of *Welch* and *Montgomery*. In both decisions, the United States Supreme Court retroactively applied substantive rules of constitutional law. *Montgomery*, 136 S. Ct. at 736; *Welch*, 136 S. Ct. at 1265. Conversely, in *Byford* we merely interpreted a statute unrelated to any constitutional issues. *Nika v. State*, 124 Nev. 1272, 1288, 198 P.3d 839, 850 (2008); *see Garner v. State*, 116 Nev. 770, 788-89, 6 P.3d 1013, 1025 (2000) (holding that this court does not consider retroactive application of new rules unless they involve a constitutional dimension), *overruled on other grounds by Sharma v. State*, 118 Nev. 648, 56 P.3d 868 (2002). Because *Byford* did not establish a new constitutional rule, neither *Welch* nor *Montgomery* undermine *Nika* and provide good cause to raise the *Byford* claim in the instant petition. *Branham v. Warden*, 134 Nev., Adv. Op. 99 at 6 (Ct. App. Dec. 13, 2018) ("Nothing in [*Welch* or *Montgomery*] alters *Teague*'s threshold requirement that the new rule at issue must be a constitutional rule."). Moreover, even if *Byford* applied, Ennis failed to demonstrate actual prejudice. *See Hogan v. State*, 109 Nev. 952, 960, 860 P.2d 710, 716 (1993) (providing that petitioner must demonstrate errors

worked to his actual and substantial disadvantage). The State introduced evidence that Ennis told several witnesses that he wanted to kill the victim, obtained a weapon for that purpose, and took the victim's property after the killing. Considering this evidence, he failed to demonstrate a reasonable likelihood that he would not have been convicted of first-degree murder had the *Byford* instruction been used.[2]

Ennis also argues that he could demonstrate a fundamental miscarriage of justice to overcome the procedural bars. A petitioner may overcome procedural bars by demonstrating he is actually innocent such that the failure to consider his petition would result in a fundamental miscarriage of justice. *Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). A petitioner demonstrates actual innocence by showing that "it is more likely than not that no reasonable juror would have convicted him in light of . . . new evidence." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *see also Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001); *Mazzan v. Warden*, 112 Nev. 838, 842, 921 P.2d 920, 922 (1996). Ennis argues that *Byford* narrowed the definition of first-degree murder. Such a change in the definition of first-degree murder does not render Ennis factually innocent. Accordingly, he failed to demonstrate a fundamental miscarriage of justice.

---

[2]In addressing whether appellate counsel was ineffective for failing to argue error under *Byford*, this court concluded in a prior appeal that there was sufficient evidence of premeditation and deliberation. *Ennis*, Docket No. 43017, Order of Affirmance at 5.

Lastly, Ennis failed to overcome the presumption of prejudice to the State pursuant to NRS 34.800(2). We therefore conclude the district court did not err by denying Ennis' petition as procedurally barred, and we ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc: Hon. Michael Villani, District Judge
Federal Public Defender/Las Vegas
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk