IN THE SUPREME COURT OF THE STATE OF NEVADA

MARCO ANTONIO GUZMAN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 79519

FILED

NOV 03 2020



ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; William D. Kephart, Judge.

Appellant Marco Guzman contends that *McCoy v. Louisiana*, 138 S. Ct. 1500 (2018), provides the good cause and prejudice necessary to overcome the procedural bars to his current habeas petition. *See* NRS 34.810 (prohibiting the filing of more than one petition absent a showing of "cause" and "actual prejudice"). But when addressing on appeal his first habeas petition, we concluded that his counsel did not concede that Guzman was guilty of second-degree murder. Thus, the law-of-the-case doctrine bars Guzman's arguments about *McCoy*'s legal effect, and we need not consider them here. *See McNelton v. State*, 115 Nev. 396, 415, 990 P.2d 1263, 1275 (1999) (recognizing that the law-of-the-case doctrine applies in the context of a habeas petition); *Hall v. State*, 91 Nev. 314, 315, 535 P.2d 797, 798 (1975) ("The law of a first appeal is the law of the case on all subsequent appeals in which the facts are substantially the same." (quoting *Walker v. State*, 85 Nev. 337, 343, 455 P.2d 34, 38 (1969))); *see also* NRS 34.810(2) (requiring dismissal of second or successive petition if it "fails to allege new or different grounds for relief and that the prior determination was on the

merits"). Accordingly, the district court correctly determined that Grounds 1 and 5 in Guzman's second petition were procedurally barred.

The law-of-the-case doctrine likewise bars Ground 6 in Guzman's petition. Although Guzman contends that good cause exists for producing his doctor's opinion letter in conjunction with his second petition, that contention is irrelevant in light of our conclusion in the appeal involving his first petition that introducing additional evidence of his hand injury was unnecessary. Moreover, even if Guzman's inability to pay for the letter at the time of his first petition constituted good cause, he has not demonstrated prejudice because the possibility that calling his treating physician as a witness might have persuaded the jury that Guzman could not have aimed the gun with his left hand does not meet the necessary prejudice standard. *Hogan v. Warden*, 109 Nev. 952, 960, 860 P.2d 710, 716 (1993) (holding that actual prejudice requires "not merely that the errors of trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, *in affecting the state proceeding with error of constitutional dimensions*" (emphasis added) (internal quotation marks omitted)). Accordingly, the district court correctly determined that Ground 6 in Guzman's petition was procedurally barred.

Guzman also contends that he established prejudice with respect to his claims that his trial counsel failed to communicate a plea offer to him (Ground 9), that the State committed a *Brady* violation by failing to turn over evidence that it gave favorable treatment to a witness (Ground 10), and that Guzman's trial counsel was ineffective for failing to investigate whether favorable treatment was given. We review these issues de novo. *State v. Huebler*, 128 Nev. 192, 197-98, 275 P.3d 91, 95-96 (2012).

Irrespective of whether Guzman established prejudice, we agree with the district court that Guzman failed to establish good cause to bring those claims in the underlying petition. *See Hathaway v. State*, 119 Nev. 248, 253, 71 P.3d 503, 506 (2003) ("[A] claim or allegation that was reasonably available to the petitioner during the statutory time period would not constitute good cause to excuse the delay."). Accordingly, the district court correctly determined that Grounds 9, 10 and 11 in Guzman's second petition were procedurally barred and that an evidentiary hearing was unwarranted.

Finally, we are not persuaded that our opinion in *Brown v. McDaniel*, 130 Nev. 565, 569-70, 331 P.3d 867, 870 (2014), should be overturned. Consequently, the district court correctly determined that Grounds 2, 3, 4, 7, 8, 9, 10 and 11 failed. The district court therefore did not err in denying Guzman's petition, and we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:    Hon. William D. Kephart, District Judge
       Federal Public Defender/Las Vegas
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk