# IN THE SUPREME COURT OF THE STATE OF NEVADA

MARLON LORENZO BROWN,
Appellant,
vs.
BRIAN WILLIAMS, WARDEN,
Respondent.

No. 83314

FILED

NOV 30 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant Marlon Lorenzo Brown's postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Steven R. Kosach, Senior Judge.

In December 2018, following a jury trial before the Honorable Michelle Leavitt, District Judge, Brown was convicted of 12 felony counts arising from a domestic violence incident. Brown appealed his conviction. In his direct appeal, among other things, Brown raised claims of judicial bias against Judge Leavitt. Certain portions of Brown's judicial bias claim included unsavory allegations against Judge Leavitt's family. Judge Leavitt moved to strike those portions of the briefing as scandalous. Brown filed a nonopposition to Judge Leavitt's motion. This court granted the motion and did not address any claim of judicial bias based on Brown's allegations related to Judge Leavitt's family.

While Brown's appeal was pending before this court, he filed a postconviction petition for a writ of habeas corpus in the district court. Brown's petition did not raise any claim of judicial bias against Judge Leavitt. In June 2019, Judge Leavitt denied Brown's habeas petition in a minute order, ruling that Brown failed to demonstrate ineffective assistance

of trial counsel and that the remainder of his claims were not appropriately raised.

After the minute order issued, Judge Leavitt recused herself from both Brown's criminal case and the habeas proceedings. Each were assigned to a different department. After her recusal, Judge Leavitt entered a written order denying Brown's habeas petition. The next day, the Honorable Michael Villani, District Judge, the presiding criminal judge, issued a minute order stating that Judge Leavitt's recusal had been made in error and reassigning the matter to Judge Leavitt.

With the matter back before Judge Leavitt, and while both Brown's direct appeal and the appeal from the denial of his first habeas petition were still pending, Brown filed a motion to disqualify Judge Leavitt and to vacate all of her prior rulings, including the judgment of conviction.[1] In his motion, Brown renewed his allegations of judicial bias against Judge Leavitt—including his allegations related to her family. In response, Judge Leavitt filed an affidavit acknowledging that she had recused herself from Brown's criminal case due to a conflict with Brown's attorney. However, Judge Leavitt asserted that she had no bias or prejudice against Brown and that she could impartially preside over his habeas proceedings. The Honorable Linda Bell, Chief District Judge, denied Brown's motion to disqualify, concluding that Judge Leavitt's rulings were not evidence of bias or prejudice and that there were insufficient factual grounds to establish a conflict of interest.

---

[1]The court of appeals eventually affirmed the denial of Brown's first habeas petition. *Brown v. Williams*, No. 79128-COA, 2020 WL 1849273 (Nev. Ct. App. Apr. 10, 2020) (Order of Affirmance).

In January 2020, and with his appeals still pending, Brown filed a second habeas petition. In his second petition, Brown brought the same allegations of judicial bias against Judge Leavitt that he had raised previously on direct appeal and in his first motion to disqualify but did not raise in his first petition.[2] Brown also brought a second motion to disqualify Judge Leavitt from the habeas proceedings, once again raising the allegations of judicial bias. Judge Leavitt denied the second habeas petition, finding that Brown's second petition was successive to his first habeas petition and that he had not overcome this procedural bar by demonstrating good cause and prejudice. After Judge Leavitt denied Brown's second habeas petition, Chief Judge Bell denied Brown's second motion to disqualify, ruling that Brown had once again failed to establish sufficient grounds to warrant disqualifying Judge Leavitt. Brown did not appeal the denial of his second habeas petition.

In August 2020, Brown filed a third postconviction habeas petition. In addition to raising new claims, Brown's third petition once more alleged judicial bias against Judge Leavitt. He simultaneously brought a third motion to disqualify Judge Leavitt. In response, Judge Leavitt filed an affidavit stating, for the first time, that her recusal from Brown's habeas proceedings had been inadvertent. Chief Judge Bell denied Brown's third motion to disqualify, ruling that the third motion raised the same claims as the previous two and that Brown was therefore really requesting that the court reconsider its denial of those motions. Because Brown had failed to

---

[2]This court affirmed Brown's conviction on direct appeal. *Brown v. State*, No. 77962, 2020 WL 3474157 (Nev. June 24, 2020) (Order of Affirmance).

request leave to file for reconsideration of the denial of his previous motions, Chief Judge Bell denied Brown's third motion to disqualify as untimely.

In March 2021, Chief Judge Bell issued a minute order changing the venue of Brown's habeas proceedings. The order noted that Judge Leavitt may be a potential witness in the proceedings and reassigned the case to the Honorable Steven R. Kosach, Senior Judge. Judge Kosach denied Brown's third habeas petition, determining that it was procedurally barred as successive to his second petition and that an evidentiary hearing was unwarranted. This appeal followed.

## DISCUSSION

Brown argues the district court erred in denying his third postconviction habeas petition as successive. He argues that Judge Leavitt's order denying his first petition is void because she entered it while she was recused. Brown further argues that the denials of his second and third petitions were based upon those petitions being successive to the first petition, rather than on the merits. Because neither the second nor third petition were preceded by an adjudication of his habeas claims on the merits, Brown argues, his third petition is not procedurally barred. We disagree.

This is Brown's third postconviction habeas petition and as such it is subject to multiple procedural bars.[3] "In reviewing the district court's application of the procedural default rules, we will give deference to its factual findings but will review the court's application of the law to those facts de novo." *Rippo v. State*, 134 Nev. 411, 415-16, 423 P.3d 1084, 1093 (2018) (internal quotation marks omitted).

---

[3]We note that Brown's third petition is not time-barred because it was timely filed pursuant to NRS 34.726(1).

 

NRS 34.810(1)(b) establishes a waiver bar by which a court is required to dismiss a petition if the petitioner's conviction was the result of a trial and the grounds for relief could have been raised at trial, on direct appeal, in a prior habeas petition, or in a previous proceeding. For second or successive petitions, NRS 34.810(2) establishes two separate procedural bars. First, a petition is subject to the successive procedural bar if the judge determines that (1) the petition failed to allege new or different grounds for relief, and (2) the prior adjudication of the petitioner's claim or claims was on the merits (successive bar). *Id.* Second, if the petition alleges new or different grounds for relief, the petitioner's failure to assert those grounds in a prior petition may constitute an abuse of the writ (abuse-of-the-writ bar). *Id.* To overcome any of these procedural bars, a petitioner must demonstrate both good cause and prejudice. NRS 34.726(1); NRS 34.810(3).

"[T]o demonstrate good cause, a petitioner must show that an impediment external to the defense prevented him or her from complying with the state procedural default rules." *Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003). Such an impediment "may be demonstrated by a showing that the factual or legal basis for a claim was not reasonably available to counsel, or that some interference by officials, made compliance impracticable." *Id.* (internal quotation marks omitted). Prejudice is demonstrated by an error that works to the petitioner's actual and substantial disadvantage. *See Hogan v. Warden*, 109 Nev. 952, 960, 860 P.2d 710, 716 (1993).

Here, assuming without deciding that the denial of Brown's first petition was void because Judge Leavitt entered the order while in recused status, Brown nevertheless fails to demonstrate good cause and prejudice to overcome the procedural bars that apply to his third habeas

petition. Specifically, Judge Leavitt ruled on Brown's second habeas petition once she had reentered the proceedings and that order is therefore valid. Brown failed to appeal from the denial of his second habeas petition and has therefore waived his ability to bring those claims in his third petition. *See* NRS 34.810(1)(b).

As to the new claims Brown brings in the instant petition, each were available to him to bring either on direct appeal or in a prior habeas petition. Accordingly, his failure to bring those claims earlier constitutes an abuse of the writ. *See* NRS 34.810(2). We acknowledge that Brown raises disconcerting allegations in his third petition. However, Brown failed to bring these claims on direct appeal or on appeal from the denial of his second habeas petition and he has not shown the good cause and prejudice needed to overcome the procedural bars his third petition implicates. Those procedural bars must be adhered to. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[4]

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Herndon

---

[4]To the extent the parties' additional arguments are not addressed herein, we have reviewed those arguments and we conclude they do not warrant a different result.

cc: Chief Judge, The Eighth Judicial District Court
Hon. Steven R. Kosach, Senior Judge
McAvoy Amaya & Revero, Attorneys
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A