134 Nev., Advance Opinion 99

# IN THE COURT OF APPEALS OF THE STATE OF NEVADA

WILLIAM EDWARD BRANHAM,
Appellant,
vs.
ISIDRO BACA, WARDEN,
Respondent.

No. 74743-COA

FILED

DEC 13 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a district court order dismissing a postconviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Elliott A. Sattler, Judge.

*Affirmed.*

Rene L. Valladares, Federal Public Defender, and Jonathan M. Kirshbaum, Assistant Federal Public Defender, Las Vegas, for Appellant.

Adam Paul Laxalt, Attorney General, Carson City; Christopher J. Hicks, District Attorney, and Terrence P. McCarthy, Chief Appellate Deputy District Attorney, Washoe County, for Respondent.

---

BEFORE SILVER, C.J., TAO and GIBBONS, JJ.

## *OPINION*

PER CURIAM:

In this opinion, we consider whether the United States Supreme Court decisions in *Welch v. United States*, 578 U.S. ___, 136 S. Ct. 1257 (2016), and *Montgomery v. Louisiana*, 577 U.S. ___, 136 S. Ct. 718 (2016), constitute good cause to overcome the procedural bars to a

18-903480

postconviction petition for a writ of habeas corpus in which the petitioner contends he is entitled to the retroactive application of a nonconstitutional substantive rule. *Welch* and *Montgomery* do not alter the threshold requirement that, for a new substantive rule to apply retroactively, it must be a constitutional rule. We hold the decisions in those cases do not constitute good cause to raise a procedurally barred claim arguing a nonconstitutional rule should be applied retroactively. Therefore, we conclude the district court did not err by finding Branham failed to demonstrate good cause or a fundamental miscarriage of justice to overcome the procedural bars to his petition. Accordingly, we affirm.

## *PROCEDURAL HISTORY*

William Edward Branham was convicted in 1993 of first-degree murder. The Nevada Supreme Court affirmed Branham's conviction on direct appeal. *See Branham v. State*, Docket Nos. 24478 & 24648 (Order Dismissing Appeals, December 18, 1996). Thereafter, Branham filed a timely postconviction petition for a writ of habeas corpus, which was resolved on its merits, and a subsequent, procedurally barred petition. The district court orders resolving those petitions were affirmed on appeal. *See Branham v. State*, Docket No. 45532 (Order of Affirmance, November 10, 2005); *Branham v. Warden*, Docket Nos. 33830 & 33831 (Order Dismissing Appeals, February 15, 2000).

Branham filed the instant postconviction petition for a writ of habeas corpus on April 7, 2017, more than 20 years after the remittitur was issued from his direct appeal. He claimed he is entitled to the retroactive benefit of the narrowed definition of "willful, deliberate and premeditated" murder announced in *Byford v. State*, 116 Nev. 215, 236-37, 994 P.2d 700, 714-15 (2000), and, accordingly, his convictions should be set aside and he should receive a new trial wherein the jury is properly instructed. Although

acknowledging his petition was subject to procedural bars, Branham asserted the recent United States Supreme Court decisions in *Welch* and *Montgomery* provided good cause to raise this claim. The district court dismissed Branham's petition as procedurally time-barred, finding he failed to demonstrate good cause or a fundamental miscarriage of justice to overcome the procedural bars. This appeal follows.

## ANALYSIS

Branham claims the district court erred by dismissing his petition as procedurally barred. Branham acknowledges his petition was subject to procedural bars, *see* NRS 34.726(1); NRS 34.810(1)(b), (2), but he argues the district court erred by finding he failed to demonstrate good cause or a fundamental miscarriage of justice to overcome the procedural bars.[1]

The application of procedural bars is mandatory, *see State v. Eighth Judicial Dist. Court (Riker)*, 121 Nev. 225, 231, 112 P.3d 1070, 1074 (2005), but a petitioner may overcome the bars in one of two ways: (1) by demonstrating good cause and actual prejudice, *see* NRS 34.726(1); NRS 34.810(3), or (2) by demonstrating actual innocence, such that a fundamental miscarriage of justice would result were the underlying claims not heard on the merits, *see* NRS 34.800(1)(b); *Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001). As discussed below, we conclude the district court did not err by finding Branham failed to overcome the procedural bars.

---

[1]To the extent Branham also claims the district court erred by finding he failed to demonstrate prejudice, because Branham had to demonstrate both good cause and prejudice to overcome the procedural bars, *see* NRS 34.726(1); NRS 34.810(1)(b), (3), and because, as explained below, we conclude he did not demonstrate good cause, we need not address this claim.

*Branham did not demonstrate good cause*

To demonstrate good cause to overcome the procedural bars, a petitioner must offer a legal excuse by showing "that an impediment external to the defense prevented him . . . from complying with the state procedural default rules." *Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003). That is, a petitioner must show "that the factual or legal basis for a claim was not reasonably available . . . or that some interference by officials, made compliance impracticable." *Id.* (internal quotation marks omitted).

Branham claims he demonstrated good cause to overcome the procedural bars because the recent United States Supreme Court decisions in *Welch* and *Montgomery* expand the reach of federal retroactivity jurisprudence to state collateral proceedings.

In both *Welch* and *Montgomery*, the issue before the Court was whether an earlier decision announced a new, substantive rule of constitutional law that must be applied retroactively to cases that were final when the earlier decision was rendered. *See Welch*, 578 U.S. at ___, 136 S. Ct. at 1261; *Montgomery*, 577 U.S. at ___, 136 S. Ct. at 732-34. The question in *Welch* was whether the prior decision constituted a new *substantive* constitutional rule. 578 U.S. at ___, 136 S. Ct. at 1261. In deciding this question, the Court held that whether a rule is characterized as procedural or substantive depends on the function of the new rule, "not the constitutional guarantee from which the rule derives." *Id.* at ___, 136 S. Ct. at 1266. The question in *Montgomery* was whether "the Constitution requires state collateral review courts to give retroactive effect" to "a new substantive rule of constitutional law [that] controls the outcome of a case." 577 U.S. at ___, 136 S. Ct. at 729. The court held the answer was yes. *Id.*

Branham asserts these decisions establish that the substantive rule exception to the federal retroactivity framework requires states to apply any new substantive rule, including a decision narrowing the interpretation of a criminal statute, retroactively. In particular, Branham claims that *Welch* implies "the clarification/change in law dichotomy [in retroactivity analysis] has become essentially obsolete" and, after *Welch*, the only relevant question is whether the new interpretation represents a new substantive rule. Branham argues that the decision in *Byford* set forth a new substantive rule and, as a result, the decisions in *Welch* and *Montgomery* provide a legal basis that was not previously available to support his underlying claim that he is entitled to the retroactive application of *Byford*. Branham is mistaken as to the implications of the holdings of *Welch* and *Montgomery*.

The United States Supreme Court first set out its modern retroactivity framework in the plurality opinion *Teague v. Lane*, 489 U.S. 288 (1989). *Teague* established that new constitutional rules, i.e., rules of criminal procedure that have an underlying constitutional source, generally do not apply retroactively to convictions that were final when the new constitutional rule was announced. *Id.* at 306-07. However, *Teague* recognized two categories of constitutional rules that are not subject to its retroactivity bar. *Montgomery*, 577 U.S. at ___, 136 S. Ct. at 728. "First, courts must give retroactive effect to new substantive rules of constitutional law." *Id.* "Second, new watershed rules of criminal procedure, which are procedural rules implicating the fundamental fairness and accuracy of the criminal proceeding, will also have retroactive effect." *Welch*, 578 U.S. at ___, 136 S. Ct. at 1264 (internal quotation marks omitted). The threshold requirement for the applicability of *Teague*'s retroactivity framework is that

the new rule at issue must be a constitutional rule.[2] *See Teague*, 489 U.S. at 306.

In both *Welch* and *Montgomery*, the Court applied the existing *Teague* retroactivity framework to decide the issue before it. *See Welch*, 578 U.S. at ___, 136 S. Ct. at 1264-68; *Montgomery*, 577 U.S. at ___, 136 S. Ct. at 728-36. Nothing in either case alters *Teague's* threshold requirement that the new rule at issue must be a constitutional rule. *See Welch*, 578 U.S. at ___, 136 S. Ct. at 1264 (reiterating that the *Teague* retroactivity framework applies to new constitutional rules); *Montgomery*, 577 U.S. at ___, 136 S. Ct. at 728 (same). Because the decisions in *Welch* and *Montgomery* do not alter this threshold requirement, we hold those decisions do not constitute good cause for raising a procedurally barred claim arguing a nonconstitutional rule should be applied retroactively.

Here, Branham claimed the decisions in *Welch* and *Montgomery* provided good cause to raise his *Byford* claim. However, the decision in *Byford* "was a matter of interpreting a state statute, not a matter of constitutional law," and "[n]othing in the language of *Byford* suggests that decision was grounded in constitutional concerns." *Nika*, 124 Nev. at 1288, 198 P.3d at 850. Because the decision in *Byford* did not establish a new constitutional rule, the decisions in *Welch* and *Montgomery* do not

---

[2]Nevada has adopted a more liberal version of the federal retroactivity framework, but still recognizes this threshold requirement. *See Nika v. State*, 124 Nev. 1272, 1288, 198 P.3d 839, 850 (2008) ("[I]f a rule is new but not a constitutional rule, it has no retroactive application to convictions that are final at the time of the change in the law."); *Colwell v. State*, 118 Nev. 807, 816-17, 59 P.3d 463, 469-70 (2002).

constitute good cause for Branham to raise his procedurally barred claim that *Byford* must be applied retroactively.[3]

*Branham did not demonstrate a fundamental miscarriage of justice*

Branham also claims he demonstrated a fundamental miscarriage of justice to overcome the procedural bars. A district court may reach the merits of any claims of constitutional error where a petitioner can demonstrate a fundamental miscarriage of justice has resulted in the conviction of one who is actually innocent. *Pellegrini*, 117 Nev. at 887, 34 P.3d at 537. Branham's argument fails for two reasons.

First, a successful claim of a fundamental miscarriage of justice only allows for consideration on the merits of claims of *constitutional* error. But because the *Byford* decision was not grounded in constitutional concerns, Branham's underlying *Byford* claim was not a claim of constitutional error. Accordingly, Branham would not have been entitled to have his underlying *Byford* claim decided on the merits. Second, Branham could not demonstrate he was actually innocent. *See Mitchell v. State*, 122 Nev. 1269, 1273-74, 149 P.3d 33, 36 (2006) ("'[A]ctual innocence' means factual innocence, not mere legal insufficiency." (alteration in original) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998))). He

---

[3]We note that even if the holding in *Byford* could be construed to fall within the *Teague* substantive rule exception, the portions of *Welch* and *Montgomery* on which Branham relies are based on federal law that has long been available for Branham to raise in postconviction proceedings. Further, because Nevada adopted the federal retroactivity framework in 2002, Branham could have raised his retroactivity argument long before the decision in *Montgomery* was issued. Therefore, *Welch* and *Montgomery* still would not provide good cause to excuse the procedural bars. *See Hathaway*, 119 Nev. at 252-53, 71 P.3d at 506 (holding a good cause claim cannot itself be procedurally barred).

thus failed to demonstrate dismissal of his claim would result in a fundamental miscarriage of justice.

## CONCLUSION

We hold that the United States Supreme Court decisions in *Welch* and *Montgomery* do not constitute good cause to raise a procedurally barred claim arguing that a nonconstitutional rule should be applied retroactively. Because the decision in *Byford* did not establish a new constitutional rule, we conclude the district court did not err by finding the decisions in *Welch* and *Montgomery* did not constitute good cause for Branham to raise his procedurally barred claim that *Byford* must be applied retroactively.[4] Branham also failed to demonstrate that dismissal of his claim would result in a fundamental miscarriage of justice. Accordingly, we affirm the district court's order dismissing Branham's postconviction petition for a writ of habeas corpus as procedurally barred.

_____, C.J.
Silver

_____, J.
Tao

_____, J.
Gibbons

---

[4]We note the district court erred by finding that *Welch* and *Montgomery* did not provide good cause to overcome the procedural bars on the ground that *Byford* did not announce a new substantive rule. Nevertheless, for the reasons stated, we conclude the district court reached the correct result, albeit for the wrong reason. *See Wyatt v. State*, 86 Nev. 294, 298, 468 P.2d 338, 341 (1970) (holding a correct result will not be reversed simply because it is based on the wrong reason).