# IN THE SUPREME COURT OF THE STATE OF NEVADA

WILBERT EMORY LESLIE, III,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 75770

FILED

MAY 1 3 2019

ELIZA___ ___OWN
CLER___ ___E COURT
BY___
        DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is a pro se appeal from a district court order denying a postconviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Stefany Miley, Judge.

Appellant filed the instant petition in 2017, more than 18 years after the remittitur issued on direct appeal. *Leslie v. State*, 114 Nev. 8, 952 P.2d 966 (1998). Thus, the petition was untimely filed.[2] *See* NRS 34.726(1).

---

[1]Having considered the pro se brief filed by appellant, we conclude that a response is not necessary. NRAP 46A(a). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

[2]Appellant's death sentence was vacated in *Leslie v. Warden*, 118 Nev. 773, 59 P.3d 440 (2002). An amended judgment of conviction was entered on March 16, 2007, imposing two consecutive terms of life without the possibility of parole for count 3, first-degree murder with the use of a deadly weapon. Appellant voluntarily dismissed his appeal from the amended judgment of conviction. *Leslie v. State*, Docket No. 49121 (Order Dismissing Appeal, May 7, 2008). Because appellant challenged the guilt phase in his 2017 petition, we conclude that the amended judgment of conviction did not provide good cause and the proper measure for timeliness purposes is the 1998 decision on direct appeal. *See Sullivan v. State*, 120 Nev. 537, 541, 96 P.3d 761, 764 (2004).

19-21352

The petition was also successive because appellant had previously filed multiple postconviction petitions for a writ of habeas corpus and it constituted an abuse of the writ as he raised claims new and different from those raised in his prior petitions.[3] *See* NRS 34.810(1)(b)(2); NRS 34.810(2). Appellant's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3). To demonstrate good cause, appellant "must show that an impediment external to the defense prevented him . . . from complying with the state procedural default rules." *Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003). Appellant could meet this burden by showing that the "legal basis for a claim was not reasonably available" at the time of the first petition. *Id.* (internal quotation marks omitted). Further, because the State specifically pleaded laches, appellant was required to overcome the presumption of prejudice to the State. *See* NRS 34.800(2).

Appellant claims that the district court erred by denying his petition as procedurally barred. He argues that he was entitled to the retroactive application of *Byford v. State*, 116 Nev. 215, 994 P.2d 700 (2000), because recent decisions by the United States Supreme Court in *Welch v. United States*, 136 S. Ct. 1257 (2016), and *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), changed the framework under which retroactivity is analyzed and provide good cause to excuse the procedural bars. We disagree.

---

[3]*Leslie v. State*, Docket No. 66109 (Order of Affirmance, December 11, 2014); *Leslie v. State*, Docket No. 61050 (Order of Affirmance, April 9, 2013); *Leslie v. State*, Docket No. 52954 (Order of Affirmance, October 21, 2009); *Leslie v. Warden*, 118 Nev. 773, 59 P.3d 440 (2002).

In both *Welch* and *Montgomery*, the Court retroactively applied substantive rules of constitutional law. *Welch*, 136 S. Ct. at 1265; *Montgomery*, 136 S. Ct. at 736. Conversely, in *Byford*, this court merely interpreted a statute unrelated to any constitutional issue. *See Nika v. State*, 124 Nev. 1272, 1288, 198 P.3d 839, 850 (2008); *see also Garner v. State*, 116 Nev. 770, 788-89, 6 P.3d 1013, 1025 (2000) (holding that this court does not consider retroactive application of new rules unless they involve a constitutional dimension), *overruled on other grounds by Sharma v. State*, 118 Nev. 648, 56 P.3d 868 (2002). Because *Byford* did not establish a new constitutional rule, neither *Welch* nor *Montgomery* undermine *Nika* or provide good cause to raise the *Byford* claim in the instant petition. *Branham v. Warden*, 134 Nev., Adv. Op. 99, 434 P.3d 313, 316 (2018) ("Nothing in [*Welch* or *Montgomery*] alters *Teague*'s threshold requirement that the new rule at issue must be a constitutional rule.").

Moreover, even if *Byford* applied, appellant failed to demonstrate actual prejudice. *See Hogan v. State*, 109 Nev. 952, 960, 860 P.2d 710, 716 (1993) (providing that petitioner must demonstrate that errors worked to his actual and substantial disadvantage). As this court has already noted in a prior appeal, "because the murder was committed during the course of a robbery and appellant was convicted of robbery, any issues relating to the jury instructions for premeditation and deliberation would be rendered harmless as his actions met the definition of first-degree murder." *Leslie*, Docket No. 61050, Order of Affirmance at 3-4.

Appellant also claims that a fundamental miscarriage of justice will occur if his petition is not considered on the merits. A petitioner may overcome the procedural bars by demonstrating that he is actually innocent such that the failure to consider his petition would result in a fundamental

(O) 1947A

miscarriage of justice. *Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). A petitioner demonstrates actual innocence by showing that "it is more likely than not that no reasonable juror would have convicted him in light of . . . new evidence." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (internal quotation marks omitted); *see also Pellegrini*, 117 Nev. at 887, 34 P.3d at 537; *Mazzan v. Warden*, 112 Nev. 838, 842, 921 P.2d 920, 922 (1996). Appellant asserts that *Byford* narrowed the definition of first-degree murder. But such a change in the definition of first-degree murder does not render appellant factually innocent, and appellant has not cited to any new evidence of innocence. To the extent appellant asks us to overrule our precedent and find that mere legal innocence is sufficient to demonstrate actual innocence, we decline such an invitation. Accordingly, appellant failed to demonstrate a fundamental miscarriage of justice.

Lastly, appellant failed to overcome the presumption of prejudice to the State pursuant to NRS 34.800(2). We therefore conclude the district court did not err by denying appellant's petition as procedurally barred, and we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Gibbons

_____, J.        _____, J.
Stiglich                                         Silver

cc: Hon. Stefany Miley, District Judge
Wilbert Emory Leslie, III
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk