# IN THE SUPREME COURT OF THE STATE OF NEVADA

STEVEN MICHAEL COX,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 75922

FILED

MAY 1 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge.

Appellant filed the instant petition in 2017, more than 19 years after the remittitur issued on direct appeal. *Cox v. State*, Docket No. 26457 (Order Dismissing Appeal, April 24, 1997). Thus, the petition was untimely filed. *See* NRS 34.726(1). The petition was also successive because appellant had previously litigated a postconviction petition for a writ of habeas corpus.[1] *See* NRS 34.810(1)(b)(2); NRS 34.810(2). To the extent appellant raised new claims for relief, those claims constituted an abuse of the writ. *See* NRS 34.810(2). Therefore, appellant's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3). To demonstrate good cause, appellant "must show that an impediment external to the defense prevented him . . . from complying with the state procedural default rules." *Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d

---

[1]*Cox v. State*, Docket No. 55109 (Order of Affirmance, June 9, 2010); *Cox v. State*, Docket No. 27045 (Order Dismissing Appeal, April 10, 1998).

 
19-21325

503, 506 (2003). Appellant could meet this burden by showing that the "legal basis for a claim was not reasonably available" at the time of the first petition. *Id.* (internal quotation marks omitted). Further, because the State specifically pleaded laches, appellant was required to overcome the presumption of prejudice to the State. *See* NRS 34.800(2).

Appellant claims the district court erred by denying his petition as procedurally barred because recent decisions by the United States Supreme Court provide good cause to excuse the procedural bars. Specifically, he alleges that *Welch v. United States*, 136 S. Ct. 1257 (2016), and *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), changed the framework under which retroactivity is analyzed and that he is now entitled to retroactive application of *Byford v. State*, 116 Nev. 215, 994 P.2d 700 (2000).

In both *Welch* and *Montgomery*, the Court retroactively applied substantive rules of constitutional law. *Welch*, 136 S. Ct. at 1265 (retroactively applying a substantive rule that found the residual clause of the Armed Career Criminal Act of 1984 unconstitutional because it was void for vagueness); *Montgomery*, 136 S. Ct. at 736 (retroactively applying a substantive rule that found a mandatory sentence of life without parole for juvenile homicide offenders unconstitutional because it constituted cruel and unusual punishment). Conversely, in *Byford*, this court merely interpreted a statute unrelated to any constitutional issue. *See Nika v. State*, 124 Nev. 1272, 1288, 198 P.3d 839, 850 (2008); *see also Garner v. State*, 116 Nev. 770, 788-89, 6 P.3d 1013, 1025 (2000) (holding that this court does not consider retroactive application of new rules unless they involve a constitutional dimension), *overruled on other grounds by Sharma v. State*, 118 Nev. 648, 56 P.3d 868 (2002). Contrary to appellant's assertion,

we agree with the Court of Appeals that "[n]othing in [*Welch* or *Montgomery*] alters *Teague*'s threshold requirement that the new rule at issue must be a constitutional rule." *Branham v. Warden*, 134 Nev., Adv. Op. 99, 434 P.3d 313, 316 (2018). And because *Byford* did not establish a new constitutional rule, neither *Welch* nor *Montgomery* undermine *Nika* or provide good cause to raise the *Byford* claim in the instant petition.

Based on the above, we conclude the district court did not err by denying appellant's petition as procedurally barred, and we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

cc:    Chief Judge, The Eighth Judicial District Court
       Eighth Judicial District Court, Dept. 6
       Federal Public Defender/Las Vegas
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk