OPINION
 

 Per Curiam:
 

 Appellant, James Lamont Moore, was convicted in district court of first-degree murder and multiple robberies, all with the use of a deadly weapon. Moore appeals, arguing three assignments of error in support of reversal of the judgment entered upon his convictions. First, the State should have been required to elect between theories of premeditated murder under NRS 200.030(l)(a) and felony-murder under NRS 200.030(l)(b). Second, the criminal information containing the charges against him was not sufficiently definite with regard to the felony-murder allegations. Third, the prosecutor was guilty of misconduct during closing arguments to the jury. We reject all of Moore’s contentions on appeal.
 

 FACTS
 

 On April 24, 1994, Moore shot and killed Jimmie Wyant, a bartender at Granny’s bar in North Las Vegas, Nevada. Moore had been a regular customer of the establishment. The shooting took place after Wyant refused Moore’s armed demands for money and after threats that he would kill Wyant if the refusals to comply continued. After shooting Wyant, Moore took money from die cash register and several other customers. Moore then
 
 *304
 
 left the scene, at which time one of the customers summoned the police. In the interim, Moore returned but fled upon the arrival of law enforcement officials.
 

 Police ultimately arrested Moore, recovered the murder weapon, and conducted a custodial interview in compliance with Miranda v. Arizona, 384 U.S. 486 (1966). Although Moore admitted his involvement in the shooting and the robberies, he claimed that the shooting was an accident, that the gun ‘ ‘just went off,” and that he had returned to the bar to check on Wyant’s condition.
 

 On April 30, 1996, Moore was convicted of one count of first-degree murder with the use of a deadly weapon and five counts of robbery with the use of a deadly weapon.
 

 DISCUSSION
 

 Election of theories by the State
 

 Moore first contends that the district court erroneously denied his request to compel the State to elect a theory of prosecution,
 
 i.e.,
 
 between premeditated murder and “felony-murder.”
 
 See
 
 NRS 200.030(l)(a) and (b).
 
 [1]
 

 In Holmes v. State, 114 Nev. 1357, 1363-64, 972 P.2d 337, 342 (1998), we concluded that the commission of a felony and premeditation are merely alternative means under NRS 200.030 of establishing the single mens rea element of first-degree murder, rather than constituting independent elements of the crime.
 
 See
 
 Doleman v. State, 107 Nev. 409, 417, 812 P.2d 1287, 1292 (1991) (jury instructed on various theories of first-degree murder including premeditation and felony-murder); Nevius v. State, 101 Nev. 238, 243, 699 P.2d 1053, 1060 (1985) Gury instructed on both premeditation/deliberation and felony-murder theories of liability for first-degree murder). Further, a jury need not even reach unanimity with respect to either theory.
 
 See
 
 Schad v. Arizona, 501 U.S. 624, 631 (1991),
 
 cited with approval in Holmes.
 
 Thus, there is no requirement that the State elect a single theory of prosecution for murder.
 

 We conclude that Moore’s motion was properly denied and hold that the State is permitted to proceed under alternative theories of premeditation/deliberation and felony-murder to prove the elements of first-degree murder.
 

 
 *305
 

 Sufficiency of the criminal information
 

 Moore contends that the felony-murder charge set forth in the criminal information was fatally defective for lack of factual specificity.
 

 A first-degree murder conviction based on felony-murder cannot be sustained unless the State gives notice in its charging document that it is seeking a conviction based upon such a theory and states specific facts supporting the conclusion that the murder was committed during the commission of a particular identified felony.
 
 See
 
 Alford v. State, 111 Nev. 1409, 1410-11, 906 P.2d 714, 715 (1995).
 

 Count I of the information read, in part, as follows:
 

 COUNT I—MURDER WITH USE OF A DEADLY WEAPON
 

 . . . [0]n or about April 24, 1994, defendant... did then and there, willfully, feloniously, without authority of law, with malice aforethought and premeditation and/or during the course of committing Robbery and/or Attempt Robbery, kill JIMMIE EARL WYANT with a deadly weapon, to-wit: a firearm, during the commission of said crime. . . .
 

 We conclude that the information was sufficient to place Moore on notice that the State was seeking a felony-murder conviction. The facts stated in the information clearly allege that the murder occurred during the course of a robbery on April 24, 1994.
 

 Charges of misconduct by the prosecutor
 

 Moore contends that the prosecutor improperly argued that the State had kept its promise to prove Moore guilty beyond a reasonable doubt and that Moore was not overcharged. The statements in controversy are:
 

 Ladies and gentlemen, when I stood before you and made my opening statement I also made a promise. The promise was that the evidence would prove beyond a reasonable doubt James Lamont Moore committed the crimes charged.
 

 I am telling you now with all sincerity, I kept my promise, . . .
 

 (Emphasis added.)
 

 Mr. Wall also alluded to his concern that as a jury you consider individually all six of the counts. I don’t disagree with that. In fact, the Court tells you in the instructions that you must consider the evidence individually regarding the
 
 *306
 
 various counts. They are all serious or they wouldn’t be alleged.
 
 I do want to say however, that no one has tried to pile on charges in this case.
 

 (Emphasis added.)
 

 Prosecutors must be free to express their perceptions of the record, evidence, and inferences, properly drawn therefrom.
 
 See
 
 Jimenez v. State, 106 Nev. 769, 773, 801 P.2d 1366, 1368 (1990). However, prosecutors must not place their own personal certification on a jury argument by the use of such expressions as “I personally believe” or “in my humble opinion.”
 
 Id.
 
 However, a criminal conviction is not to be lightly overturned on the basis of a prosecutor’s comment standing alone.
 
 See
 
 United States v. Young, 470 U.S. 1, 11 (1985). Relevant statements or conduct must be viewed in context to determine whether the prosecutor’s conduct affected the fairness of the trial.
 
 Id.
 
 If the error is harmless, beyond a reasonable doubt, the conviction will stand.
 
 See
 
 Manning v. Warden, 99 Nev. 82, 87, 659 P.2d 847, 850 (1983).
 

 We conclude that the first disputed statement made by the prosecution was improper, but the second disputed statement was not. However, a careful review of the record suggests that the fairness of Moore’s trial was unaffected by the improper statement. We therefore hold that while one of the disputed statements was improper, any resulting error was harmless beyond a reasonable doubt.
 

 CONCLUSION
 

 We conclude that Moore’s motion to require the State to elect a theory of prosecution of first-degree murder was properly denied. We further conclude that the facts alleged in the criminal information were sufficiently specific to put Moore on notice that the State sought a conviction based upon a felony-murder theory. We finally conclude that error stemming from an impropriety during the State’s closing argument was harmless.
 

 [1]
 

 “Murder of the first degree is murder which is: (a) Perpetrated by means of poison, ... or by any other kind of willful, deliberate and premeditated killing; [or] (b) Committed in the perpetration of . . . robbery . . . .” NRS 200.030(l)(a) and (b).