# IN THE SUPREME COURT OF THE STATE OF NEVADA

JAMES LAMONT MOORE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 74553

FILED

JAN 24 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is a pro se appeal from a district court order denying a postconviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge.

In his 2017 petition, appellant claimed that his due process rights were violated because the jury received the disfavored *Kazalyn*[2] instruction defining premeditation. As appellant filed his petition more than 17 years after the remittitur issued on direct appeal, *Moore v. State*, 116 Nev. 302, 997 P.2d 793 (2000), his petition was untimely filed. *See* NRS 34.726(1). Appellant's petition was also successive because he litigated a postconviction petition for a writ of habeas corpus on the merits, and it constituted an abuse of the writ as he raised claims new and different from

---

[1]Having considered the pro se brief filed by appellant, we conclude that a response is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

[2]*Kazalyn v. State*, 108 Nev. 67, 825 P.2d 578 (1992), *receded from by Byford v. State*, 116 Nev. 215, 994 P.2d 700 (2000).

SUPREME COURT
OF
NEVADA

(O) 1947A

19-003821

those raised in his first petition.[3] *See* NRS 34.810(1)(b)(2); NRS 34.810(2). Appellant's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3). To demonstrate good cause, appellant must show that "[a]n impediment external to the defense prevented him . . . from complying with the state procedural default rules." *Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003). Appellant could meet this burden by showing that the "legal basis for a claim was not reasonably available." *Id.* (internal quotations omitted). Actual prejudice requires a showing that any errors worked to a petitioner's actual and substantial disadvantage. *See Hogan v. Warden*, 109 Nev. 952, 960, 860 P.2d 710, 716 (1993). In addition, because the State specifically pleaded laches, appellant was required to overcome the rebuttable presumption of prejudice. NRS 34.800(2).

Appellant argued that he had demonstrated good cause because his conviction was not final when this court rejected the *Kazalyn* instruction in *Byford v. State*, 116 Nev. 215, 994 P.2d 700 (2000), and his appellate counsel therefore should have raised this issue on direct appeal. Appellant also appeared to suggest that he had good cause because prior postconviction counsel failed to raise the ineffective-assistance claim in his first, timely petition. Finally, he claimed that recent Supreme Court decisions in *Welch v. United States*, 136 S. Ct. 1257 (2016), and *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), changed the framework under which

---

[3]*Moore v. State*, Docket No. 64170 (Order of Affirmance, April 10, 2014); *Moore v. State*, Docket No. 57969 (Order of Affirmance, July 13, 2011); *Moore v. State*, Docket No. 56259 (Order of Affirmance, December 9, 2010); *Moore v. State*, Docket No. 52856 (Order of Affirmance, February 4, 2010); *Moore v. State*, Docket No. 39387 (Order of Affirmance, November 20, 2002). Appellant did not appeal the denial of his fifth habeas petition.

retroactivity is analyzed and provide good cause to excuse his procedural defaults.

We conclude that appellant did not demonstrate good cause. Appellant is correct that *Byford* applies to his case because his conviction was not final when *Byford* was decided. But that also means that appellant's claim based on *Byford* was available before he filed his first, timely postconviction petition. Thus, *Byford* itself does not excuse his delay in raising this claim and it does not provide good cause. Likewise, appellant's arguments related to *Montgomery* and *Welch* also do not provide good cause as his petition was filed more than one year after *Montgomery* (decided January 25, 2016) and *Welch* (decided April 18, 2016).[4] *See generally Rippo v. State*, 134 Nev., Adv. Op. 53, 423 P.3d 1084, 1097 (2018) (recognizing that one year provides sufficient time to present a claim that was not factually or legally available at the time of the procedural default). Similarly, appellant's claim of ineffective assistance of appellate counsel would not provide good cause because it was procedurally barred. *See Hathaway*, 119 Nev. at 252, 71 P.3d at 506. Finally, ineffective assistance of postconviction counsel would not provide good cause because appellant

---

[4]We further note that appellant mistakenly relies upon *Montgomery* and *Welch*. Those cases address retroactivity, which is not at issue here because appellant's conviction was not yet final when *Byford* was decided. *Nika v. State*, 124 Nev. 1272, 198 P.3d 839 (2008) (recognizing that "if the law changed to narrow the scope of a criminal statute before a defendant's conviction became final, then due process requires that the change be applied to that defendant"). Further, we note that even if retroactivity were at issue in this case, because *Byford* did not establish a new constitutional rule, the district court correctly concluded that neither *Welch* nor *Montgomery* provide good cause to raise the *Byford* claim in the instant petition. *See Branham v. Warden*, 134 Nev., Adv. Op. 99 at 6 (Ct. App. Dec. 13, 2018).

was not entitled to the effective assistance of counsel in the first postconviction proceedings. *See Brown v. McDaniel*, 130 Nev. 565, 569, 331 P.3d 867, 870 (2014).

Appellant also cannot demonstrate actual prejudice. This court previously considered and rejected appellant's prejudice argument relating to a late *Byford* claim on appeal from the order denying his second postconviction habeas petition, concluding that the evidence presented at trial clearly established felony murder pursuant to NRS 200.030(1)(b). *Moore v. State*, Docket No. 52856, Order of Affirmance at 2 (Feb. 4, 2010). That decision constitutes the law of the case as to actual prejudice to overcome the procedural default of the *Byford* claim. Appellant has not demonstrated that there has been an intervening change in controlling law. *See Hsu v. Cty. Of Clark*, 123 Nev. 625, 630-32, 173 P.3d 724, 728-30 (2007).

Alternatively, appellant argues he could demonstrate a fundamental miscarriage of justice. A petitioner may overcome procedural bars by demonstrating he is actually innocent such that the failure to consider his petition would result in a fundamental miscarriage of justice. *Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). A petitioner thus demonstrates actual innocence by showing that "it is more likely than not that no reasonable juror would have convicted him in light of . . . new evidence." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *see also Pellegrini*, 117 Nev. at 887, 34 P.3d at 537; *Mazzan v. Warden*, 112 Nev. 838, 842, 921 P.2d 920, 922 (1996). A change in the definition of premeditation and deliberation does not render appellant factually

innocent, and appellant has cited to no new evidence of innocence. Accordingly, he failed to demonstrate a fundamental miscarriage of justice.

Finally, appellant failed to overcome the presumption of prejudice to the State pursuant to NRS 34.800(2). We therefore conclude that the district court did not err by denying appellant's petition as procedurally barred, and we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Parraguirre

cc:    Eighth Judicial District Court, Department 6
       Hon. Linda Marie Bell, Chief Judge
       James Lamont Moore
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk